United States District Court
Southern District of Texas
**ENTERED**
March 17, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAWN EARLS, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> KIMON PAPASIDERIS, AND ORANGE BEACH § <br> ADVENTURES, INC., § <br> § <br> Defendants. § <br> § | Civil Action No. 4:22-cv-3554 |

## **MEMORANDUM AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Remand (ECF 4).[1] Defendants filed a Response (ECF 7). Having considered the parties' submissions and the applicable law, it is RECOMMENDED that Plaintiff's Motion be GRANTED.

**I.     Background**

On or about September 5, 2020, Plaintiff Dawn Earls ("Plaintiff") was a passenger on a vessel allegedly owned, operated, and controlled by Defendants Kimon Papasideris and Orange Beach Adventures, Inc. (collectively, "Defendants"). ECF 1-1 at ¶ 5.1. Plaintiff alleges she was injured when she fell into a "gap" between the sun deck and hull of the vessel and asserts claims for negligence against the Defendants. *Id.* at ¶¶ 5.2-5.3; 6.1-6.12.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 5.

1

On September 1, 2022, Plaintiff filed suit in the 333rd Judicial Court in the District Court of Harris County, Texas, alleging that her causes of action asserted in the Petition:

> arise under the General Maritime Law of the United States, in that the incident occurred on navigable water, or the injury was caused by a vessel on navigable water, and is connected with maritime activity. Plaintiff designates her claims as those founded in admiralty and general maritime law and under the Savings to Suitors Clause, and hereby asserts these causes of action in Harris County having jurisdiction over the parties and subject of this action.

ECF 1-1 at ¶ 3.1.  Plaintiff's Petition also states that "no diversity exists among the parties" and because "no federal question is pled, federal courts lack jurisdiction over this case [and] [r]emoval would therefore be improper." *Id.* at ¶ 3.4.

Nevertheless, Defendant Papasideris filed a Notice of Removal on October 14, 2022 pursuant to 28 U.S.C. § 1441(a), asserting original jurisdiction in the federal court under 28 U.S.C. § 1333.  ECF 1 at ¶ 7.  Defendant Orange Beach Adventures, Inc. consented to the removal. *Id.* at ¶ 10.  On November 14, 2022 and within thirty days of Defendants' filing of the Notice of Removal, Plaintiff filed a Motion to Remand seeking a remand under 28 U.S.C. § 1447(c), arguing removal was defective because the parties are not diverse, no federal question jurisdiction exists, and the saving to suitors clause bars removal of Plaintiff's suit filed in state court solely on the basis of admiralty and maritime jurisdiction.  ECF 4 at 3. Defendants filed a Response to the motion to remand arguing that subject matter jurisdiction exists in this Court pursuant to 28 U.S.C. § 1333 and that the saving to

suitors clause in § 1333 does not preclude removal of Plaintiff's action under §1441(a). ECF 7 at 8-18.

## II. Applicable Legal Standards

Plaintiff's Motion for Remand is governed by Title 28 U.S.C. § 1447(c), which states, in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1447(c). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Defendants' Notice of Removal of the suit alleges jurisdiction under Title 28 U.S.C. § 1333, which provides that:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
> Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

ECF 1 at ¶ 7. Defendants' removal was pursuant to Title 28 U.S.C. § 1441(a) which provides:

> Except as otherwise expressly provided by an Act of Congress, any civil action brought in a State court of which the district courts have original jurisdiction, may be removed by the defendant or the

>defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"The federal removal statute . . . is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). All doubts as to whether removal jurisdiction is proper should be resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

### III.  Analysis

According to Plaintiff, the saving to suitors clause has been interpreted by federal courts "to mean that maritime cases in which the plaintiff asserts only state-law claims may not be removed to federal court solely on the basis of admiralty and maritime jurisdiction." ECF 4 at 4 (citing 28 U.S.C. § 1333 which provides that district courts have original jurisdiction over civil cases of admiralty or maritime jurisdiction, "*saving to suitors in all cases all other remedies to which they are otherwise entitled*") (emphasis added)). Defendants, on the other hand, argue removal was proper because Plaintiff's claims are founded in admiralty and general maritime law and "Congress has not expressly provided that maritime cases over which district courts would have original jurisdiction may not be removed." ECF 7 at 20.

4

**A. Defendants cannot meet their burden to prove removal was proper.**

As an initial matter, the Defendants do not argue that federal question or diversity jurisdiction are present in this case, citing only 28 U.S.C. § 1333 as the basis for this Court's jurisdiction.  ECF 1 at ¶¶ 6-10.  Defendants contend that Plaintiff improperly moved for remand "claiming that this court lacks subject matter jurisdiction simply based upon the premise that maritime claims are non-removable."  ECF 7 at 7.

There can be no dispute that original jurisdiction would exist in federal court over the claims pleaded by Plaintiff if she had filed them in federal court.  28 U.S.C. § 1333.  Likewise, if Plaintiff had failed to move for remand within the thirty-day period set forth in § 1447(c), she would have waived any objection to removal and jurisdiction to adjudicate her claims would exist in the federal district court.  However, Plaintiff timely filed her Motion to Remand within the 30-day timeline and alleges that Defendant's removal was defective.  ECF 4 at 2; 28 U.S.C. § 1447(c).  Thus, the issue the parties dispute is not whether this Court has jurisdiction to adjudicate Plaintiff's claims, but rather, whether once Plaintiff chose to file suit in state court, invoking the saving to suitors clause, Defendants were entitled to remove the case to federal court absent some other independent basis for federal jurisdiction.  This issue has not been directly resolved by the Fifth Circuit. *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 100 (5th Cir. 2018) (stating that the issue of removability of general maritime cases "is not clear" in the

wake of a 2011 Amendment to 28 U.S.C. § 1441). The Fifth Circuit noted in that case that, "[t]he vast majority of district courts considering this question have maintained that such lawsuits are not removable[,] . . . [but] because there is no binding precedent from this circuit, . . . there remains a consequential number of district courts that have held to the contrary." *Id*. (internal citations omitted). In this case, the Court concludes that Defendants cannot meet their burden to show that removal was proper. The Court's conclusion is based on historical precedent, the weight of authority from district courts in this and other circuits, and more recent case law rejecting prior contrary decisions.

An understanding of the reasons why removal is improper in this case requires familiarity with the history of admiralty jurisdiction, the saving to suitors clause, and the removal statute. However, other courts have extensively and clearly described the history and precedents regarding removal of general maritime claims brought in state court under the saving to suitors clause and it need not be repeated here. *See Gregoire v. Enterprise Marine Servs., LLC*, 38 F. Supp. 3d 749 (E.D. La. 2014) (recounting an extensive analysis of the historical underpinnings of maritime jurisdiction beginning with the Judiciary Act of 1789, as well as the saving to suitors clause, and the removal statute); *N.Y. Marine & Gen. Ins. Co. v. ACGS Marine Ins. Co.*, 454 F. Supp. 3d 1335, 1341-46 (S.D. Ga. 2020) (tracing the history of federal jurisdiction over maritime claims beginning with the Judiciary Act of 1789 through the Supreme Court's decision in *Romero v. Int'l Terminal Operating Co.*, 358 U.S.

354 (1959) and the post-2011 cases which applied the amended version of the removal statute). Prior to 2011, it was well-settled that general maritime claims filed in state court under the saving to suitors clause could not be removed absent some basis for federal jurisdiction beside § 1333. *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 219 (5th Cir. 2013) (analyzing the pre-2011 version of § 1441 and stating "even though federal courts have original jurisdiction over maritime claims under 28 U.S.C. § 1333, they do not have removal jurisdiction over maritime cases which are brought in state court."); *N.Y. Marine*, 454 F. Supp. 3d at 1343 (stating "[t]his interpretation of the savings clause seemed to be largely accepted until 2011 when Congress amended the removal statute."); *Langlois v. Kirby Inland Marine, L.P.*, 139 F. Supp. 3d 804, 807 (M.D. La. 2015) (stating that under the pre-2011 version of the removal statute, "federal law was well-settled that maritime tort actions commenced in the state courts were non-removable in the absence of an independent jurisdictional basis by operation of the 'saving to suitors clause' and 28 U.S.C. § 1441(b)" and collecting cases); *Gregoire*, 38 F. Supp. 3d at 753-54 (noting that "[r]ecent district court opinions evidence a split in opinion as to whether the 2011 Amendments to the removal statute . . . affected the prior precedent on admiralty jurisdiction.").

In December 2011 Congress amended § 1441 and the amended removal statute re-ignited the debate over whether maritime claims filed in state court were removable. One district court outside this Circuit succinctly described the impact

7

of the 2011 amendment on the previously settled issue of removability of admiralty and maritime suits filed in state court as follows:

> The 2011 Amendment altered Section 1441 to remove the language about jurisdiction "founded on a claim or right under the Constitution, treaties or laws of the United States." Section 1441 now provides simply that a civil action is removable if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (emphasis added). Because Section 1333 vests the district courts with original jurisdiction over admiralty cases, the amended Section 1441 could be read as making admiralty actions newly removable. In *Ryan*, the Southern District of Texas adopted that logic and held that the 2011 Amendment meant that admiralty claims are now removable to federal court without an independent basis of federal jurisdiction. 945 F. Supp. 2d at 778.
>
> This change, however, overrides the historic understanding of the "saving to suitors" clause, as articulated in clear Supreme Court precedent. Legislative history makes clear that Congress did not intend such a change. *See Nassau*, 130 F. Supp. 3d at 763. House Reports indicate that Congress's intention was to make modest procedural changes; there was no discussion of creating a new category of removable cases. *See* H.R. Rep. No. 112-10 at 12 (2011) ("This change is intended to make it easier for litigants to locate the provisions that apply uniquely to diversity removal."); *see also Gregoire v. Enter. Marine Servs., LLC*, 38 F. Supp. 3d 749, 763 (E.D. La. 2014) ("The House Report on the 2011 amendments evidences no intent to change the operation of removal of maritime or admiralty cases.").

*Gonzalez v. Red Hook Container Terminal LLC*, No. 16CV5104NGGRER, 2016 WL 7322335, at *4 (E.D.N.Y. Dec. 15, 2016).  Thus, much of the disagreement among district courts about the removability of maritime claims filed in state court after the December 2011 Amendments to § 1441 "stems from Judge Miller's decision in *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. May 13, 2013)." *Langlois*, 139 F. Supp. 3d at 809.  "*Ryan* [was] the leading authority for the

8

view that the 2011 Amendments . . . altered the prior law and made maritime cases removable into admiralty." *Id*. (citations omitted).

However, two years after *Ryan*, a time-period during which Judge Duval issued the opinion in *Gregoire*, Judge Miller in *Sanders v. Cambrian Consultants (CC) Am., Inc.*, reconsidered the issue. 132 F. Supp. 3d 853 (S.D. Tex. 2015). In *Sanders*, Judge Miller recognized the *Gregoire* opinion as the "best example of scholarly work" examining the impact of the 2011 Amendments to the removal statute on maritime jurisdiction and noted that *Gregoire* it "provides a convincing argument why the amendments to the removal statute do not impact the historical bar on removal of maritime claims filed at law in state court." *Sanders*, 132 F. Supp. 3d at 858.

Since the 2011 Amendments and the decision in *Ryan*, many other courts, including several district courts within the Fifth Circuit, have held that the case law and the current version of the removal statute set forth in 28 U.S.C. §1441 required remand of a suit filed in state court alleging general admiralty and maritime claims, absent an independent basis for federal jurisdiction. *See Langlois*, 139 F. Supp. 3d at 814-16 (collecting cases); *Ibarra v. Port of Hous. Auth. of Harris Cty.*, 526 F. Supp. 3d 202, 218 (S.D. Tex. 2021) (collecting cases and noting that a "'growing chorus' of district courts . . . have rejected the reasoning in *Ryan* and have reaffirmed that general maritime claims are not removable absent some other independent basis for federal jurisdiction."). The obvious weight of authority finds that saving to

9

suitors claims filed in state court are not removable based on the jurisdictional grant in § 1333, and that absent an independent basis for jurisdiction those suits must be remanded if the requirements of § 1447(c) are met. *Id.*; *see also Sangha*, 882 F.3d at 100 ("The vast majority of district courts considering this question have maintained that such lawsuits are not removable."); *Gregoire*, 38 F. Supp. 3d at 764 (remanding and stating that "[m]aritime claims initiated in state court are, by definition, brought at common law under the saving to suitors clause as an 'exception' to the original jurisdiction of the federal courts."); *Clear Lake Marine Center, Inc. v. Leidolf*, Civil Action No. H-14-3567, 2015 WL 1876338, at *1-*2 (S.D. Tex. April 22, 2015) (remanding and identifying as "persuasive several recent cases holding that the saving-to-suitors clause operates independently of the removal statute to exclude from original federal jurisdiction general maritime claims brought by plaintiffs in state court.").

Defendants in this case put forth arguments that are identical or similar to those that have been rejected by many district courts in the aftermath of *Ryan*. First, Defendants argue that since the 1966 unification of the Admiralty Rules and Rules of Civil Procedure, admiralty cases are "civil action[s] 'of which the district courts of the United States have original jurisdiction,'" regardless of whether they are filed in state court. ECF 7 at 8-11. Defendants argue that because subject matter jurisdiction exists over admiralty claims and cannot be waived, the claims are removable pursuant to § 1441(a). *Id.* at 10-11 (citing *Exxon Mobil Corp. v. Starr*

*Indem. & Liab. Ins. Co.*, 181 F. Supp. 3d 347, 359-60 (S.D. Tex. 2015) and *Lu Junhong v. Boeing Co.*, 792 F.3d 805, 817 (7th Cir. 2015)). Defendants next argue that the savings to suitors clause does not prevent removal of maritime cases and distinguishes decisions predating the 2011 Amendments, as decided based on the prior version of the removal statute which was interpreted to require diversity or federal question jurisdiction as a basis for removal. *Id.* at 11-18. Defendants also argue that, because the text of the saving to suitors clause does not "expressly provide[]" that a defendant cannot remove an admiralty case to federal court, no exception is present to the general rule authorizing removal for matters in the district court's original jurisdiction. *Id.* at 11-14.

When addressing arguments similar to those made by Defendants here, Judge Lake wrote in a post-*Ryan* opinion:

> Neither [the removing defendant's] arguments regarding the unification of the Admiralty Rules and Federal Rules of Civil Procedure, nor comparison of the plain language of the current and former versions of § 1441 reveals a clear intent on the part of Congress to change the law, or override existing precedent.
>
> Adopting [removing defendant's] arguments would require the court to accept a novel argument that changes more than 200 years of precedent interpreting the grant of admiralty jurisdiction in 28 U.S.C. § 1333(1). Because the federal removal statute must be "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand," absent an unambiguous directive from Congress, the Supreme Court, or the Fifth Circuit, the court declines to adopt such a novel argument and, instead, concludes that ***the saving-to-suitors clause is a***

11

> ***procedural bar to the removal of admiralty and general maritime claims that are initially filed in state court***.
>
> \* \* \*
>
> While pursuant to § 1333(a) this court would have original jurisdiction over this action had Plaintiff filed it here, "'original jurisdiction' evaporated when he filed his action in state court, making [this case] nonremovable on the basis of admiralty jurisdiction." *Figueroa v. Marine Inspection Servs., LLC*, 28 F. Supp. 3d 677, 682 (S.D. Tex. 2014).

*Ibarra*, 526 F. Supp. 3d at 215-16 (emphasis added). After reviewing the case law and the post-2011 removal statute, this Court agrees with the conclusion reached by many other district courts, as explained by Judge Duval in *Gregoire*:

> it is precisely "the statutory grant of admiralty jurisdiction, 28 U.S.C. § 1333, and more than 200 years of precedent interpreting this grant" rather than the 2011 amendment to the removal statute that determine the removability of [maritime claims brought in state court under the saving to suitors clause]. In short, general maritime law claims are not now removable—nor have they ever been—without an independent basis of jurisdiction other than 28 U.S.C. § 1333[.]

*Gregoire*, 38 F. Supp. 3d at 754. Therefore, the Court RECOMMENDS that Plaintiff's Motion to Remand be GRANTED.

### B. Defendants did not lack an objectively reasonable basis for removal.

Plaintiff requests an award of "attorneys' fees and expenses as provided for in 28 U.S.C. § 1447(c)." ECF 4 at 6. An order for remand may require payment of costs and expenses, including attorney's fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). However, "absent unusual circumstances, attorney's fees should

not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). District courts retain discretion when considering whether "unusual circumstances" exist to warrant a departure from the rule in a given case. *Id.* at 141.

As recognized in the discussion above, the Fifth Circuit has not definitively ruled on whether the saving to suitors clause precludes removal of admiralty and general maritime cases absent an independent basis for federal jurisdiction. Plaintiff has not argued that Defendants lacked an objectively reasonable basis for removal. Further, Plaintiffs do not argue that unusual circumstances warrant a departure from the general rule articulated in *Martin*. Accordingly, the Court RECOMMENDS that Plaintiff's request for attorney's fees and expenses in connection with its Motion be DENIED.

## IV.  Conclusion

For these reasons, the Court RECOMMENDS that Plaintiff's Motion to Remand (ECF 4) be GRANTED, and that Plaintiff's case against Defendants be REMANDED to the state court from which it was removed. The Court also RECOMMENDS that Plaintiff's request for attorney's fees and expenses be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written

objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on March 17, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge