United States District Court
Southern District of Texas

**ENTERED**
June 26, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| DAWN EARLS, § | CIVIL ACTION NO | |
| Plaintiff, § | 4:22-cv-03554 | |
| § | | |
| § | | |
| vs. § | JUDGE CHARLES ESKRIDGE | |
| § | | |
| § | | |
| KIMON PAPASIDERIS, § | | |
| and ORANGE BEACH § | | |
| ADVENTURES INC. § | | |
| Defendants. § | | |

## ORDER ADOPTING
## MEMORANDUM AND RECOMMENDATION

Plaintiff Dawn Earls brought this general maritime action in state court alleging that she was injured falling into a gap on a vessel owned, operated, and controlled by Defendants Kimon Papasideris and Orange Beach Adventures, Inc. Dkt 1-1 at ¶¶ 5.1–5.3. Papasideris removed the action on October 14, 2022. Dkt 1. Plaintiff subsequently moved to remand the case on the basis that it wasn't removable under the saving-to-suitors clause of the Judiciary Act of 1789, 28 USC § 1333. Dkt 4.

Pending is a Memorandum and Recommendation by Magistrate Judge Christina A. Bryan dated March 17, 2023 on the motion to remand. Dkt 9. She recommends that the motion be granted. She observes that, while the Court has original jurisdiction over admiralty or and maritime cases under Article III of the United States Constitution, general maritime law claims filed in state court aren't removable without an independent basis of jurisdiction other than 28 USC § 1333. But she recommends that Plaintiff's motion for attorney's fees be denied because

Defendants didn't lack an objectively reasonable basis for removal. Dkt 9 at 12–13.

Papasideris timely filed objections to the Memorandum and Recommendations. Dkt 10.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Upon *de novo* review and determination, Defendant's objections lack merit. Although presenting an issue upon which the Fifth Circuit hasn't specifically ruled, the reasoning and conclusion stated in the Memorandum and Recommendation is correct. See Dkt 9 at 5–6.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The objections by Defendant Kimon Papasideris to the Memorandum and Recommendation are OVERRULED. Dkt 10.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 9.

Plaintiff's motion to remand is GRANTED. Dkt 4.

Plaintiff's request for attorney's fees and expenses in connection with its Motion is DENIED.

This action is REMANDED to the 333rd Judicial District Court of Harris County, Texas.

So ordered.

Signed on June 26, 2023, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge